JOHN A. KING, Appellant, v. WM. C. RICHARDSON
et al., Respondents.

### St. Louis Court of Appeals, May 27, 1902.

Fraudulent Conveyance: ACTION TO SET ASIDE: BURDEN OF PROOF.    A father died, leaving property supposed to have descended to his four children, and one of them executed a deed of trust as to his interest.    Afterwards the father's administrator, by order of court, sold the property to R. to pay decedent's debts: Thereafter a will was discovered whereby the father devised the property to his wife, who had since deceased.    The father's administrator thereafter qualified as administrator of the wife, and as administrator of the father, paid to himself, as administrator for the wife, the proceeds of the sale.    Of this sum the child executing the trust deed was entitled to one-fourth as heir of his mother. The administrator of the trustee thereupon sued to have an equitable lien declared on the son's share because of the trust deed.    After the administration sale all the heirs joined in a deed to R.    The trustee's petition charged that this conveyance was fraudulent and collusive and that R. had full knowledge of the deed of trust at the time.    *Held,* that the burden was on plaintiff to prove the fraud, though he might have merely set out the facts entitling him to an equitable lien, in which event R. would have to plead and prove a purchase without knowledge of plaintiff's rights.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin
Ferris,* Judge.

AFFIRMED.

### STATEMENT OF THE CASE.

George Mueller, one of the defendants, is the son of Johan and Barbara Mueller, both now deceased.    Said George

Mueller, on the twenty-fifth day of February, 1896, made a promissory note to John C. King for two hundred dollars, payable one year after date, and at the same time executed to John A. King, as trustee for John C. King, a deed of trust on an undivided one-fourth interest in a lot in the city of St. Louis to secure said note, which deed of trust was not put to record until the twenty-fifth day of May, 1897. The lot was supposed to have descended to the four children of Johan Mueller from their father who died in 1894.

The defendant, William C. Richardson, took charge of the estate of Johan Mueller as public administrator. In March, 1897, he petitioned the probate court for an order to sell said lot to pay the debts of Johan Mueller's estate, which was granted, the lot sold to either Theodore or Emma Remmers in June of that year, the sale approved at the succeeding term of the probate court and a deed made by the administrator to the purchaser. The consideration paid was two thousand dollars. This sale was made about a year after George Mueller had mortgaged his interest to secure the note to John C. King, and after both these transactions a will was found by which Johan Mueller had devised the lot in question, as well as all his other property, to his wife Barbara, who died prior to the sale to Mrs. Remmers.

Richardson then qualified as administrator of the estate of Barbara Mueller and turned over the proceeds of the sale of the land (which amounted, after deducting expenses and debts, to about seventeen hundred dollars) from himself as administrator of the estate of Johan Mueller to himself as administrator of the estate of Barbara Mueller. Of this sum George Mueller is entitled to one-fourth as heir of his mother, and the present action was instituted to have an equitable lien declared on it because of the deed of trust which said George Mueller executed on an undivided one-fourth interest in the

lot to secure the promissory note aforesaid, at a time when he supposed he could incumber his interest in said lot.

The suit is brought by John C. King, the payee of the note; not in that capacity, however, but as administrator of the estate of John A. King, the trustee in the deed of trust, who seems to have acquired the note prior to his death.

The deed from the administrator, Richardson, conveying Johan Mueller's interest in the land to the purchaser at the administration sale, is not contained in the record and it is uncertain whether the deed was made to Emma Remmers, as charged in the petition, or to her husband, Theodore Remmers. It was agreed by the parties on the trial as follows:

"The defendant, William C. Richardson, public administrator in charge of the estate of Johan Mueller, deceased, sold the property described in the deed from George Mueller to King for the payment of debts of the said deceased, under the order of the probate court, to the defendant Theodore Remmers, June 12, 1897, and executed and delivered a deed therefor to the defendant, Theodore Remmers, dated June 27, 1897."

Prior to the administration sale, all the Mueller heirs executed a deed to Emma Remmers for an expressed consideration of more than one thousand dollars, which deed is in the record and was recorded on the thirtieth day of July, 1896, nearly a year before the deed of trust to King was recorded. The Remmers procured a certificate of title from the Lincoln Trust Company before buying, which showed a good title to the fourth interest in George Mueller.

Theodore Remmers testified that he made the purchase of the land for his wife, she knowing nothing whatever of the facts and circumstances and having nothing to do with it except to pay the consideration of two thousand dollars, and that neither of them knew at the time of King's deed of trust.

The honorable circuit judge who tried the case refused to sign the bill of exceptions presented to him until a portion

of the testimony of one witness (Ida A. King widow of John A. King), purporting to state that Mrs. Remmers said to the witness on the presentation of the note in question to her (Mrs. Remmers) that George Mueller promised to pay the note when the money for the lot was paid to him by Mrs. Remmers, was stricken out.

Emma Remmers claims the interest of all the Mueller heirs, in the fund in the hands of Richardson as administrator arising from the sale of the lot, by virtue of her deed from said heirs.

The plaintiff claims George Mueller's interest in said fund by virtue of the aforesaid deed of trust executed by George Mueller on his undivided one-fourth interest in the lot.

The petition charges that the conveyance by George Mueller, and the other Mueller heirs, to Emma Remmers was fraudulent and collusive and made for the purpose of defrauding the holder of the promissory note made by George Mueller as aforesaid; that said Emma Remmers bought the lot with full knowledge and notice of the deed of trust on George Mueller's interest therein and that his interest was incumbered for the sum of two hundred dollars for the purpose of assisting George Mueller to defeat the payment of said note.

The answer of Emma and Theodore Remmers was a general denial.

After hearing the evidence the circuit court dismissed the plaintiff's bill and an appeal was taken from that judgment to this court.

*John M. Wood* for appellant.

(1) Where there are several liens upon a piece of real property and it is sold under one of them, the surplus, after the payment of the debts for which the property was sold, belongs, in equity, to the holders of the next subsequent liens in

Vol 94 app—43

King v. Richardson.

the order of their priority.    Abbe v. Justus, 60 Mo. App.
300, and cases cited.    (2) The appellant's intestate having
been trustee in the deed of trust and having become the holder
of the note secured thereby, was a mortgagee.    Cassady v.
Wallace, 102 Mo. 575.    (3) A mortgagee, after condition
broken, is entitled to the possession of the mortgaged property.
Dickerson v. Bridges, 147 Mo. 244; Matthews v. Railway,
142 Mo. 658.    (4) The subsequent grantees of the mortgagor
can not take as against the mortgagee, even though his mort-
gage is unrecorded, unless they show affirmatively that they
are purchasers for value without notice.    Stephenson v. Kirk-
patrick, 65 S. W. 775; Young v. Schofield, 132 Mo. 650;
Ins. Co. v. Smith, 117 Mo. 292; Holdsworth v. Shannon, 113
Mo. 524.

GOODE, J.—Appellant attacks the judgment of the cir-
cuit court on the ground that it was incumbent on Mrs. Rem-
mers to plead and prove that she was an innocent purchaser of
George Mueller's interest in the lot, and knew nothing of the
existence of the unrecorded deed of trust he had made to King
at the time she bought from the Mueller heirs, and that as
she did not allege in her answer she was an innocent purchaser
and support the allegation by a preponderance of the evidence,
she was not entitled to the benefit of that defense.

The question of where the burden of proof rests in any
case is usually determined by the way in which the pleadings
are framed.    Bunker v. Hibler, 49 Mo. App. (St. L.) 536.
If the plaintiff had contented himself with setting out the
grounds of his claim to an equitable lien on George Mueller's
interest in the fund in the administrator's hands, without
charging fraud against Mrs. Remmers, and she had desired
to assert an adverse claim thereto as an innocent purchaser
from George Mueller, it would doubtless have been incumbent
on her to aver she bought without knowledge of the previous
unrecorded incumbrance and to maintain that averment by

the weight of the evidence. Young v. Schofield, 132 Mo. 650. But instead of taking that course, the plaintiff alleged affirmatively that she had full knowledge of the deed of trust and entered into a collusive and fraudulent arrangement with George Mueller to defraud the holder of the note it secured. A distinct issue of fact was therefore tendered by the petition, and all that it was necessary for Mrs. Remmers to plead in order to assert her right as an innocent purchaser was to deny the allegations of the petition. In this state of the pleadings, it was the duty of plaintiff to prove what he alleged, as fraud must be shown by the party who seeks relief against it. Sutter Adm'r. v. Lackmann et al., 39 Mo. 91. In the opinion of the court below, the plaintiff failed to do this; failed to show Mrs. Remmers bought knowing of the existence of the deed of trust or for a fraudulent purpose. That is our opinion, too, after reading the entire record, and we affirm the judgment. *Bland, P. J.,* and *Barclay, J.,* concur.